UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------------------x

| | |
|---|---|
| McRO, INC., d.b.a. PLANET BLUE, | : |
|  | : C.A. No. 12-cv-1508-LPS |
| Plaintiff, | : |
|  | : JURY TRIAL DEMANDED |
| v. | : |
|  | : |
| ACTIVISION BLIZZARD, INC. | : |
|  | : |
| Defendant. | : |
|  | : |

-----------------------------------------------------------------------x

### FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

McRo, Inc., d.b.a. Planet Blue ("Planet Blue"), brings this First Amended Complaint for patent infringement against Activision Blizzard, Inc. ("Activision" or "Defendant") and hereby states as follows:

### NATURE OF THE ACTION

This is an action for patent infringement of United States Patent No. 6,307,576 (the "'576 Patent") and United States Patent No. 6,611,278 (the "'278 Patent") (collectively, the "Patents-in-Suit") under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and seeking damages and injunctive and other relief under 35 U.S.C. § 281, *et seq.*

### PARTIES

1. Planet Blue is a corporation existing under the laws of Delaware, with its principal place of business at Santa Monica, California. Planet Blue is actively involved in the advertising industry as a computer graphic, visual effects, and animation services company, which services utilize methods covered by the Patents-in-Suit.

2. Upon information and belief, Defendant Activision is a corporation operating and existing under the laws of Delaware, with its principal place of business at 3100 Ocean Park

Boulevard, Santa Monica, California 90405.  Upon further information and belief, Activision is engaged in the business of developing and publishing computer and/or video games.

## JURISDICTION AND VENUE

3. This is a complaint for patent infringement under 35 U.S.C. § 271.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Upon information and belief, this Court has personal jurisdiction over Defendant because Defendant is organized under the laws of Delaware and is doing and has done substantial business in this district, including business relating to the sale and distribution for sale of computer and/or video games made using the methods claimed in the Patents-in-Suit.

5. Venue is proper in this judicial district as to Defendant pursuant to 28 U.S.C. §§ 1391 and 1400(b), because the Defendant is subject to personal jurisdiction in this judicial district and has committed acts of infringement in this judicial district.

## FACTUAL BACKGROUND

6. On October 23, 2001, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '576 Patent, titled "Method for Automatically Animating Lip Synchronization and Facial Expression of Animated Characters."  The '576 Patent is attached hereto as **Exhibit A**.

7. On August 26, 2003, the USPTO duly and lawfully issued the '278 Patent, titled "Method for Automatically Animating Lip Synchronization and Facial Expression of Animated Characters."  The '278 Patent is attached hereto as **Exhibit B**.

8. Each of the Patents-in-Suit is valid and enforceable.

9. Planet Blue is the assignee of all rights, title, and interest in and to the Patents-in-Suit.  Planet Blue therefore holds the right to sue and recover damages for infringement thereof, including past infringement.

10. In part, the Patents-in-Suit cover a method and system for automating the lip-synchronization process for three dimensional animated characters, as used in computer and/or video games.

11. Upon information and belief, Defendant, directly or through intermediaries (including distributers, retailers, and others), has acted and is acting to develop, publish, manufacture, import, ship, distribute, offer for sale, sell, and/or advertise (including the provision of an interactive web page) various computer and/or video games. These computer and/or video games have been and continue to be purchased by consumers in the United States, the State of Delaware, and the District of Delaware.

12. Upon information and belief, the Defendant employs automated lip-synchronization methods and processes to create and develop these computer and/or video games. Upon further information and belief, the Defendant's uses of these lip synchronization methods and processes to create its computer and/or video games infringe, either literally or by equivalents, one or more claims of the Patents-in-Suit in violation of 35 U.S.C. § 271.

## COUNT I: INFRINGEMENTOF THE '576 PATENT

13. Planet Blue realleges and incorporates by reference paragraphs 1-12.

14. Upon information and belief, Activision has, as part of the development process for its computer and/or video games that include 3-dimensional animated characters, used and continues to use software processes in the United States for automatically adding lip-synchronization and facial expression to the animated characters using the phonetic structure of the words spoken by the characters and has made, used, offered to sell, sold, and/or imported, and continues to make, use, offer to sell, sell, and/or import, computer and/or video games created using those processes in the United States, including this judicial district. By using the aforementioned software processes, Activision has directly infringed the '576 Patent under 35

U.S.C. § 271(a), either literally or under the doctrine of equivalents.  By using, offering to sell, selling, and/or importing computer and/or video games created using the aforementioned software processes, Activision has been and is now infringing the '576 Patent under 35 U.S.C. § 271(g), either literally or under the doctrine of equivalents.

15.     Upon information and belief, Activision actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '576 Patent under 35 U.S.C. § 271(b) by contracting with game developers to directly infringe the '576 Patent by using the aforementioned software processes to create computer and/or video games that Activision makes, uses, offers to sell, sells, and/or imports, all with knowledge of the '576 Patent and its claims; with knowledge that its game developers will use the methods claimed in the '576 Patent; and with the knowledge and the specific intent to encourage and facilitate those infringing uses of the aforementioned software processes through the creation and dissemination of instructional materials, product manuals, and technical materials related to, referenced by or incorporated within the statement of work between Defendant and its developers.  Activision has had knowledge of the '576 Patent since at least as early as January 2008 as a result of email and telephonic communications between Mr. Maury Rosenfeld and at least Mary Tuck and its actions constitute knowing and willful infringement of the '576 Patent. Activision also has knowledge of its induced infringement of the '576 Patent through the filing and service of the Complaint and despite this knowledge continues to commit tortuous conduct by way of patent infringement.

16.     Defendant, by way of its infringing activities, has caused and continues to cause Planet Blue to suffer damages in an amount to be determined at trial.  Planet Blue has no

adequate remedy at law against Defendant's acts of infringement and, unless Defendant is enjoined from its infringement of the '576 Patent, Planet Blue will suffer irreparable harm.

  17. Planet Blue is in compliance with the requirements of 35 U.S.C. § 287.

## COUNT II: INFRINGEMENTOF THE '278 PATENT

  18. Planet Blue realleges and incorporates by reference paragraphs 1-16.

  19. Upon information and belief, Activision has, as part of the development process for its computer and/or video games that include 3-dimensional animated characters, used and continues to use software processes in the United States for automatically adding lip-synchronization and facial expression to the animated characters using the phonetic structure of the words spoken by the characters and has made, used, offered to sell, sold, and/or imported, and continues to make, use, offer to sell, sell, and/or import, computer and/or video games created using those processes in the United States, including this judicial district.  By using the aforementioned software processes, Activision has directly infringed the '278 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.  By using, offering to sell, selling, and/or importing computer and/or video games created using the aforementioned software processes, Activision has been and is now infringing the '278 Patent under 35 U.S.C. § 271(g), either literally or under the doctrine of equivalents.

  20. Upon information and belief, Activision actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '278 Patent under 35 U.S.C. § 271(b) by contracting with game developers to directly infringe the '576 Patent by using aforementioned software processes to create computer and/or video games that Activision makes, uses, offers to sell, sells, and/or imports, all with knowledge of the '278 Patent and its claims; with knowledge that its game developers will use the methods claimed in the '278 Patent; and with the knowledge and the specific intent to encourage and facilitate those

infringing uses of the aforementioned software processes through the creation and dissemination of instructional materials, product manuals, and technical materials related to, referenced by or incorporated within the statement of work between Defendant and its developers.  Activision has had knowledge of the '278 Patent since at least as early as January 2008 as a result of email and telephonic communications between Mr. Maury Rosenfeld and at least Mary Tuck and its actions constitute knowing and willful infringement of the '278 Patent.  Activision also has knowledge of its induced infringement of the '278 Patent through the filing and service of the Complaint and despite this knowledge continues to commit tortuous conduct by way of patent infringement.

21.   Defendant, by way of its infringing activities, has caused and continues to cause Planet Blue to suffer damages in an amount to be determined at trial.  Planet Blue has no adequate remedy at law against Defendant's acts of infringement and, unless Defendant is enjoined from its infringement of the '278 Patent, Planet Blue will suffer irreparable harm.

22.   Planet Blue is in compliance with the requirements of 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Planet Blue respectfully requests that this Court enter judgment in its favor as follows:

A.   Holding that Defendant has infringed the '576 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a);

B.   Holding that the Defendant has infringed the '576 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(g);

C.   Holding that the Defendant has induced the infringement of the '576 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(b);

D.  Holding that the Defendant has infringed the '278 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a);

E.  Holding that the Defendant has infringed the '278 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(g);

F.  Holding that the Defendant has induced the infringement of the '278 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(b);

G.  Holding that Defendant has infringed, directly and indirectly by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, the claims of the '278 Patent;

H.  Permanently enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the '576 Patent;

I.  Permanently enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the '278 Patent;

J.  Permanently enjoining the sale of the computer and/or video games created using the patented methods of the Patents-in-Suit;

K.  Awarding to Planet Blue the damages to which it is entitled under 35 U.S.C. § 284 for Defendant's past infringement and any continuing or future infringement up until the date Defendant is finally and permanently enjoined from further infringement, including both compensatory damages and treble damages for willful infringement;

      L.      Declaring this to be an exceptional case and awarding Planet Blue attorneys' fees under 35 U.S.C. § 285;

      M.      Awarding Planet Blue costs and expenses in this action;

      N.      Awarding Planet Blue pre- and post-judgment interest on its damages; and

      O.      Awarding Planet Blue such other and further relief in law or in equity as this Court deems just and proper.

## JURY DEMAND

Planet Blue requests a trial by jury of any and all issues so triable.

Dated: February 28, 2013

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

Mark S. Raskin (admitted *pro hac vice*)
Vicent Filardo, Jr. (admitted *pro hac vice*)
Mishcon de Reya New York LLP
750 Seventh Ave, 26th Floor
New York, New York 10019
Telephone (212) 612-3270
Facsimile (212) 612-3297

*Attorneys for Plaintiff McRo, Inc., d.b.a. Planet Blue*